**INTERNATIONAL CABLEVISION, INC., d/b/a Adelphia Cable, Plaintiff,**

v.

**Thomas CANCARI, Defendant.**

**No. 96–CV–69S(H).**

United States District Court, W.D. New York.

March 5, 1997.

Daniel Lefkowitz, Jericho, NY, for plaintiff.

## ORDER

SKRETNY, District Judge.

Whereas this Court, by its Order filed August 29, 1996, referred the above-captioned case to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and

Whereas Plaintiff, moved for default judgment and permanent injunctive relief, and

Whereas Magistrate Judge Heckman filed a Report and Recommendation on January 13, 1997, copies of which were mailed to Defendant by the Clerk of the Court on January 14, 1997, recommending that judgment be entered in favor of Plaintiff and against Defendant in the total amount of $8,925.000 and that Defendant be permanently enjoined from future violations of 47 U.S.C. §§ 605(a) and 553(a)(1), and

Whereas no objections to the Report and Recommendation have been received from the Defendant within ten (10) days from the date of its service, in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.3, Subdivision (a)3; and

Whereas, after careful review of the Report and Recommendation, as well as the pleadings and materials submitted by the parties,

IT HEREBY IS ORDERED, that this Court accepts the Magistrate Judge's Report and Recommendation in its entirety, including the authorities cited and the reasons given therein, and that Plaintiff's motion for default judgment and permanent injunctive relief is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter final judgment in favor of Plaintiff and against Defendant in the total amount of $8,925.00.

FURTHER, that Plaintiff shall submit a proposed Order granting permanent injunctive relief for this Court's review on or before Friday, March 14, 1997.

SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

Plaintiff moves for entry of judgment for seven violations of 47 U.S.C. § 605(a) and for recovery of reasonable attorneys fees and costs against defendant Thomas Cancari. For the reasons set forth below, plaintiff's motion should be granted.

### BACKGROUND

This action was commenced on February 2, 1996. The complaint seeks declaratory and injunctive relief and monetary damages against the defendant for tampering with plaintiff's cable television system and receiving private cable television programming services through unauthorized connection to plaintiff's cable television system, in violation of 47 U.S.C. §§ 553(a)(1) and 605(a). The complaint also alleges pendent state claims for conversion and trespass and for violation of New York Executive Law § 825(6) based on such unauthorized reception. Following service, defendant failed to answer or appear and therefore an entry of default was obtained on July 15, 1996. The matter was subsequently referred to the undersigned on August 29, 1996.

On September 19, 1996, plaintiff presented evidence in support of its claim for damages at a hearing held before the undersigned. At the hearing, plaintiff demonstrated that

defendant Cancari received Adelphia's "Basic", "Cable Plus" and "Home Box Office (HBO)" cable television programming between December 27, 1994 and July 10, 1995 without Adelphia's authorization. Two witnesses testified on behalf of Adelphia. The first was Kenneth Powell. Kenneth Powell is a field inspector with Adelphia Cable. He related that on July 10, 1995 he was doing service in the area of defendant's address at 493 Rambling Road in East Amherst and he discovered that the defendant had hooked up cable service through Adelphia without authorization.

■ Ann Crowley also testified on behalf of plaintiff. According to her testimony, the signals to Adelphia's "Basic", "Cable Plus" and "HBO" programming are all transmitted over the air from orbiting satellites to Adelphia's cable "head-end ". Accordingly, defendant's unauthorized reception of these cable television programming services from Adelphia is a violation of 47 U.S.C. §§ 605(a) and 553(a)(1). She also demonstrated that defendant's unauthorized reception of Adelphia's programming spanned over a seven month time period during which the defendant would have had to make seven monthly payments in order to receive Adelphia's programming with its authorization. Accordingly, Cancari is liable for seven violations of 47 U.S.C. §§ 605(a) and 553(a)(1). According to Crowley's testimony, defendant admitted receiving the cable as of December 29, 1 994 and stated that he hooked it up himself having called Adelphia and being unable to wait for their arrival.

### DISCUSSION

■ It is well-established that if a cable television operator is aggrieved by a defendant's violation of 47 U.S.C. §§ 605(a) and 553(a)(1), it may elect to recover damages under the higher penalties afforded by 605(e)(3)(C) than under 553(c)(3). *International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir.), *cert. denied,* —– U.S. ——,

117 S.Ct. 298, 136 L.Ed.2d 217 (1996). At the hearing, plaintiff Adelphia elected to recover damages against the defendant in the form of statutory damages for seven violations of 47 U.S.C. § 605(a).

■ Under 605(e)(3)(C), an aggrieved cable operator "may recover an award of statutory damages for each violation of [§ 605(a) ] involved in the action in the sum of not less than $1,000 or more than $10,000, as the court considers just...." 47 U.S.C. § 605(e)(3)(C)(i)(II). Adelphia seeks recovery of an award of $7,000 for defendant's seven violations of 47 U.S.C. § 605(a), at the minimum floor of $1,000 per violation.

■ In addition, the aggrieved party is entitled to a mandatory award of its full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii); *International Cablevision, Inc. v. Sykes, supra,* 75 F.3d at 134. Copies of contemporaneous time records of the attorneys who prosecuted the case are attached as Exhibits A, B and C to plaintiff's affirmation in support of recovery of attorney's fees (Item 9). According to these records, a total of 13.9 hours were spent prosecuting Adelphia's claims against defendant. The time period for which professional services were rendered span from November 3, 1995 to September 23, 1996. The billing rates are also set forth in the papers. The total fees sought are $1,785.00. In addition, plaintiff's counsel had disbursements of $120.00 for the filing fee and $20.00 for service. Accordingly, the total cost of disbursements and attorney's fees plaintiff seeks from defendant is $1,925.00.

■ Finally, plaintiff seeks permanent injunctive relief under §§ 605(e)(3)(B)(i) and 553(c)(2)(A). Since plaintiff has shown that defendant violated the federal statute at issue, permanent injunctive relief is appropriate. Accordingly, a permanent injunction should issue against defendant Cancari against future violations of 47 U.S.C. §§ 605(a) and 553(a)(1).

### CONCLUSION

For the foregoing reasons, judgment should be entered in favor of plaintiff and against defendant in the total amount of $8,925.00 ($7,000 statutory damages plus fees and costs of $1,925). In addition, defendant Cancari should be permanently enjoined from future violations of 47 U.S.C. §§ 605(a) and 553(a)(1).